UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SWITCH, LTD, <br><br> Plaintiff, <br><br> v. <br><br> GEI CONSULTANTS, INC., <br><br> Defendant. | Case No. 2:19-cv-00371-MMD-DJA <br><br> ORDER |

**I.   SUMMARY**

Plaintiff Switch, Ltd. sued Defendant GEI Consultants, Inc. in Nevada state court for allegedly failing to perform under a contract involving a data center in Georgia, where Defendant was to provide environmental consulting services. (ECF No. 1-1.) Defendant removed the case to this Court. (ECF No. 1.) Before the Court is Plaintiff's motion to remand, which is primarily based on a forum selection clause in the contract governing the relationship between the parties (the "Motion").[1] (ECF No. 16.) Also before the Court is Defendant's motion to dismiss. (ECF No. 10.) Because the Court agrees with Plaintiff that the forum selection clause requires this case be litigated in state court, and as further explained below, the Court will grant Plaintiff's Motion and remand this case.

**II.   BACKGROUND**

Plaintiff essentially alleges that Defendant did not perform its obligations under a contract where Defendant agreed to perform "a subsurface exploration and geotechnical evaluation of property [in Georgia that Plaintiff] was evaluating for purchase, to determine the suitability of the land for building several mission critical data centers and creating a

---

[1]Defendant filed a response (ECF No. 20), and Plaintiff filed a reply (ECF No. 21). The Court also reviewed Plaintiff's response (ECF No. 15), and Defendant's reply (ECF No. 17) to Defendant's motion to dismiss.

new" campus for Plaintiff in Georgia (the "Contract"). (ECF No. 1-1 at 3; *see also id.* at 19-24 (Contract).) Plaintiff brings claims for: (1) breach of contract; (2) intentional interference with prospective economic advantage; (3) deceptive trade practices under NRS § 598.0915; (4) fraud; (5) negligence; (6) negligent misrepresentation; (7) gross negligence; (8) breach of good faith and fair dealing; (9) unjust enrichment; and (10) declaratory relief. (*Id.* at 8-16.)

Plaintiff's Motion is primarily based on the forum selection clause in the Contract. (ECF No. 16 at 6-12.) The forum selection clause of the Contract reads:

> <u>Jurisdiction and Venue.</u> The interpretation and enforcement of this Agreement shall be governed by the laws of the State of Nevada, without regard to its conflict of laws provisions. Clark County, Nevada, shall be the exclusive venue and jurisdiction for any dispute arising out of or related to this Agreement; except that either party may take interim action in any jurisdiction to prevent disclosure of Confidential Information or to enforce a judgment or other decision.

(ECF No. 1-1 at 22.) Defendant invoked the Court's diversity jurisdiction in removing this case to this Court under 28 U.S.C. § 1332(a). (ECF No. 1 at 3.)

### III. DISCUSSION

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *see also, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit at the commencement of the action. *See* 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal such as Defendant here bears the burden of establishing federal jurisdiction. *See Kokkonen*, 511 U.S. at 377.

"A forum selection clause operates outside of the various requirements for removal specified in [28 U.S.C.] §§ 1441–1453." *Kamm v. ITEX Corp.*, 568 F.3d 752, 756 (9th Cir.

2

2009). "Instead, a forum selection clause is similar to other grounds for not exercising jurisdiction over a case, such as abstention in favor of state court jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971), and related abstention cases, or a refusal to exercise supplemental jurisdiction and a resulting remand to state court under 28 U.S.C. § 1367(c)." *Id.* "[A] forum selection clause does not [normally] deprive a federal court of subject matter jurisdiction." *Id.* at 754.

But "[a]n agreement limiting venue for litigation to a particular county unambiguously prohibits litigation in federal court when there is no federal courthouse located in the designated county." *City of Albany v. CH2M Hill, Inc.*, 924 F.3d 1306, 1308 (9th Cir. 2019). In contrast, "a forum selection clause that vests 'exclusive jurisdiction and venue' in the courts 'in' a county provides venue in the state and federal courts located in that county[,]" *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1207 (9th Cir. 2011), if there is a federal courthouse in that county. *See City of Albany*, 924 F.3d at 1308 (discussing *Simonoff*). Thus, if a forum selection clause specifies that disputes must be resolved in a particular county, this Court may retain jurisdiction over the case if there is a federal courthouse located in that county, but not if there is no federal courthouse there—in which case the Court must remand.

But the Court may remand even where not required by *City of Albany*, and will do so here—because the Court must remand if there is any doubt as to the right of removal in the first instance, and the plain language of the Contract's forum selection clause compels the conclusion that the parties intended to limit potential litigation to the state courts in Clark County, Nevada.

Plaintiff argues in pertinent part that the language of the forum selection clause mandates the exclusive venue for any litigation between the parties is the state court located in Clark County, Nevada. (ECF No. 16 at 6-12.) Defendant counters that this case

can proceed in this Court because it too is located in Clark County, Nevada.[2] (ECF No. 20 at 4-6.) The Court agrees with Plaintiff.

The Court applies federal law in interpreting the forum selection clause of the Contract, starting with the plain language of the Contract. *See Simonoff*, 643 F.3d at 1205. The Court understands that the "common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it[.]" *Id.* (citation omitted). The key language in the Contract uses neither 'in,' which has been interpreted to provide merely a geographic restriction on venue unless there is no federal courthouse in the specified county, nor 'of,' which has been interpreted to vest exclusive jurisdiction in a state court. *See id.* at 1205-7; *see also City of Albany*, 924 F.3d at 1307-9. Instead, the forum selection clause is written, "Clark County, Nevada, shall be the exclusive venue and jurisdiction for any dispute arising out of or related to this Agreement[.]" (ECF No. 1-1 at 22.)

Despite using neither 'of' nor 'in,' the phrasing of the forum selection clause unambiguously reflects the parties' intent to provide for any disputes to be litigated in the state court in Clark County—the Eighth Judicial District Court in and for the County of Clark. First, 'shall' is traditionally understood to be mandatory, not permissive. *See* SHALL, Black's Law Dictionary (11th ed. 2019) ("Has a duty to; more broadly, is required to . . . This is the mandatory sense that drafters typically intend and that courts typically uphold."); *see also Simonoff*, 643 F.3d at 1205 (stating that interpretation begins with plain

---

[2]Defendant also argues Plaintiff's Motion was untimely because Plaintiff is trying to manipulate the Court, pointing to the fact that Plaintiff previously filed a different state court case involving similar facts and allegations as this case that Defendant removed to another Court in this District, which Judge Gordon then dismissed for failure to prosecute. (ECF No. 20 at 6-7.) But "the thirty-day time limit of § 1447(c) does not apply to a motion to remand based on a forum selection clause specifying state rather than federal court as the appropriate forum." *Kamm*, 568 F.3d at 757 (affirming the district court's decision to remand the case over a timeliness objection). The Court is thus unpersuaded by Defendant's timeliness argument. In addition, Defendant argues Plaintiff's Motion should be denied because the requirements for diversity jurisdiction are satisfied here. (ECF No. 20 at 7-8.) But like in *Kamm*, 568 F.3d at 754, where it was "undisputed that there is diversity jurisdiction[,]" the Court may still remand this case even if the requirements for diversity jurisdiction are otherwise satisfied when the forum selection clause of the Contract compels such a result.

language); *Kamm*, 568 F.3d at 755 (turning to Black's Law Dictionary to interpret terms). Thus, the Contract specifies that any litigation must be initiated in Clark County. Second, this clause provides that Clark County shall be the exclusive jurisdiction (in addition to venue) for any litigation. (ECF No. 1-1 at 22.) The concept of jurisdiction goes to power, not location. *See Simonoff*, 643 F.3d at 1205-6 (discussing the relevant distinctions between power and geography in this context). And this Court does not derive its power from Clark County—it derives its power from the U.S. Constitution and federal laws. Thus, the parties must have been referring to state court when they negotiated this provision. Third, the parties could have expressly mentioned the federal court located in Clark County like the parties in *Nevada Corp. Headquarters, Inc. v. Sellers Playbook, Inc.*, Case No. 2:18-cv-01842-JCM-GWF, 2019 WL 3210068, at *4-*5 (D. Nev. July 16, 2019) (holding that a forum selection clause specifying that any litigation "shall be commenced exclusively in the Eighth Judicial District Court of Nevada *or the federal courts located in the same location thereof*, as Clark County is considered the place of execution of this Agreement[,]" clearly and unambiguously provided that litigation could be initiated in either court) (emphasis in original), but they did not. Especially considering that the Court presumes both parties are reasonably sophisticated commercial entities with competent counsel, the absence of a reference to federal court in the forum selection clause suggests the absence was intentional. For all of these reasons, the Court finds that the forum selection clause of the Contract unambiguously provides for resolution of any dispute in the state court of Clark County, Nevada—not this Court.

Moreover, the Court is mindful that it must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. This general rule further tips the Court's analysis towards remand. In sum, the Court will grant the Motion.

///

**IV.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion to remand (ECF No. 16) is granted.

It is further ordered that this action is remanded to the Eighth Judicial District Court in and for the County of Clark (Case No. A-19-789196-C, Dept. No. 14).

The Clerk of Court is directed to close this case.

DATED THIS 1st day of October 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE